# BERWIND-WHITE COAL MINING COMPANY
## *v.*
# BORINQUEN SUGAR COMPANY.

San Juan, Equity, No. 897.

On Intervening Petition of Pedro Mas for Rents.

Equity—Master's Report.
1. The court will not on petition decide matters already referred to the master before his report comes in.

Berwind-White Coal Min. Co. v. Borinquen Sugar Co.

Receivership—Lessee. .

2. Where the court has authorized the receiver to lease the receivership property, it will not entertain an application to dispossess the lessee without hearing him.

Receivership—Leased Property.

3. A sugar central in Porto Rico is dependent largely upon the cane produced upon lands leased by it. While the court will not likely cancel such a lease, it will not permit its receiver to enjoy its benefit without compensation.

Opinion filed July 11, 1914.

*Mr. H. G. Molina* for petitioners.

*Mr. Chas. Hartzell* for receiver.

HAMILTON, Judge, delivered the following opinion:

It seems to the court that the matter takes two or three different forms. In the first place, part of the rent spoken of in the petition is embraced in the master's report, proved up by the parties themselves. What shall become of that, the court should not undertake to determine until it takes up the master's report. So that so far as the petition relates to that right, if it does cover it, the petition would have to be refused. It is already involved in another proceeding and the court would not hear the same matter twice.

In the second place, the petition relates to the return of land upon which rent has not been paid. The return of the property would involve its surrender by the parties in possession. The parties in possession are spoken of as the Federal Syndicate. I do not know whether that is the technical name,

Berwind-White Coal Min. Co. v. Borinquen Sugar Co.

but using that name for present purposes, they were put in possession by order of the court. The court may have been right or it may have been wrong. At all events, it was the action of the court, and that syndicate is entitled to have a hearing in court before the court would turn them out again; so that, as to that phase of the petition, the petitioners are granted leave to amend so as to make this syndicate a party and notify them and set a hearing for any time that is convenient. It would be difficult to take it up otherwise, and I do not think that I could go ahead and put them out of possession when I put them in possession, without giving them a day in court.

In the third place, there is this anomalous situation. There are cases cited by counsel, and there are other cases, which say rather emphatically that a receiver cannot take and use a man's property without paying the rent. That is a perfectly correct principle of law. Nobody can do that, least of all an officer of a court; but this comes up in an unusual kind of receivership. The business of a central largely grows out of the use of leased lands. It is somewhat analogous to some railroad systems in the United States. The Southern Railway, for instance, originally did not own a mile of track. I may be overstating it, but at any rate very little in proportion, and it was organized by leasing other lines, and there would be an analogy there. If there should be a receivership of such a system, for instance, and all of its component parts were immediately returned to the owners, there would be no receivership left. It might be the right thing to do. I am not passing on that at present. But it may possibly be that other principles would come into play in a receivership of that sort different from those in an ordinary business receivership where the concern

involved actually owns and manages its own property. This is mentioned simply by way of suggestion, and it is a matter which will have to be thought out.

At the present time it seems to the court that it must refuse the petition as to the matter of rents that are involved in Master Mott's report, and give leave to bring in the other parties as to the question of possession, at which time you may discuss the principle which I mentioned. I am sorry that I cannot go ahead faster, but I have made it a rule not to decide a matter in which a party is interested unless he is in court.